

# Yale Law School

MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

February 20, 2015

**BY FACSIMILE**

Honorable Victor Marrero
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
T: (212) 805-6374
F: (212) 805-6382

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/15
```

    Re:    Joint Pre-Motion Letter
           *Nicholas Merrill v. Eric Holder et ano.*, No. 14 Civ. 9763 (VM).

Dear Judge Marrero,

    Pursuant to Your Honor's Individual Rules of Practice, the parties submit this joint letter to request a pre-motion conference and to notify the Court that they both intend to file dispositive motions in the above-captioned action. The parties have conferred regarding the issues in dispute and do not anticipate that they will be resolved without intervention by the Court. The parties have instead reached agreement regarding a schedule for cross-motions, as set forth below, and have further agreed to postpone Defendants' time to file their Answer to the Complaint in light of that briefing schedule.

*Factual Background*

    In this action, plaintiff Nicholas Merrill challenges the lawfulness of a nondisclosure requirement that continues to prevent him from speaking about certain aspects of a National Security Letter ("NSL") that the FBI served upon him in 2004.

    In 2004, Mr. Merrill operated Calyx Internet Access, a small Internet Service Provider. That year, the FBI served him with an NSL requesting that he provide certain data regarding one of his clients ("Target"). Accompanying the NSL was an Attachment setting forth the categories of information that the FBI sought to obtain from Mr. Merrill. The NSL also contained a nondisclosure order prohibiting Mr. Merrill from speaking publicly about any aspect of the NSL, including the fact that he had received it.

    In 2004, Mr. Merrill challenged the nondisclosure requirement before this Court. After litigation before this Court, and following the Second Circuit Court of Appeals' decision in *John Doe, Inc. v. Mukasey*, 549 F.3d 861 (2d Cir. 2008), this Court issued an order lifting the nondisclosure requirement as to certain limited portions of the Attachment but denying Mr. Merrill's request to lift the nondisclosure requirement as to the remainder. *Doe v. Holder*, 665 F. Supp. 2d 426, 433-34 (S.D.N.Y. 2009), *recons. granted in part*, 703 F. Supp. 2d 313, 316 (S.D.N.Y. 2010). Following that decision, while an appeal was pending, Mr. Merrill reached a settlement with the FBI whereby he was permitted to publicly identify himself as the recipient of the NSL at issue in that case and to discuss his personal background and background about his

company. Mr. Merrill remained forbidden, however, from discussing all other aspects of the NSL. Stipulation and Order, *Doe v. Holder*, No. 04-cv-2614 (S.D.N.Y. filed July 30, 2010), ECF No. 204.

The nondisclosure requirement remained unchanged until April 2014, when, following inquiries from plaintiff's counsel, the FBI agreed to modify the nondisclosure order, leaving unchanged the nondisclosure requirement with regards to the Attachment describing the categories of information that the FBI sought to obtain with the 2004 NSL, but lifting the nondisclosure requirement with respect to all other aspects of the NSL, including the identity of the Target of the NSL. Thus, while Mr. Merrill is now free to identify himself and to discuss many aspects of the NSL, he remains subject to a nondisclosure requirement with respect to a portion of the Attachment, and that part of the nondisclosure requirement remains unchanged since this Court last ruled in 2010. In this action, Plaintiff challenges the continued lawfulness of that nondisclosure requirement.

Plaintiff intends to file a motion for summary judgment seeking relief from the continuing nondisclosure obligation. Defendants intend to file a motion to dismiss or for summary judgment defending the nondisclosure order. Consistent with Your Honor's Individual Rules of Practice, the parties submit the following concise description of the bases for their respective motions. A proposed briefing schedule follows thereafter.

*Plaintiff's Anticipated Motion*

Mr. Merrill will move for summary judgment on his claims that the continuing nondisclosure requirement must be lifted because it is unconstitutional and exceeds the FBI's statutory authority. Since this Court last considered this prior restraint, Mr. Merrill has been permitted to identify himself as the recipient of the NSL, to reveal the identity of the Target, and to discuss other circumstances surrounding the NSL's issuance. It is therefore evident that the gag order has become untethered from the investigation of which it was originally part and is instead to remain in place permanently. In these changed circumstances, the gag order violates the First Amendment because it constitutes a permanent, content-based prior restraint. Moreover, this prior restraint forbids speech about a matter of grave public interest. By discussing the Attachment, which specifies the categories of "electronic communication transactional records" ("ECTR") that the FBI sought to obtain, Mr. Merrill would shed light on how the FBI has construed the scope of its authority to obtain records, simply by issuing an NSL, that may reveal highly sensitive personal details. Yet the FBI's understanding of what constitutes ECTR, a term not defined by statute or judicial opinion, remains shrouded in secrecy and immune from democratic oversight. The First Amendment does not permit the FBI to maintain a permanent, content-based prior restraint on such speech. In addition, the NSL statute does not authorize the FBI's continuing prior restraint. The statute only grants the FBI authority to order nondisclosure of the fact that it has "sought or obtained access to information or records" in connection with a specific investigation. 18 U.S.C. § 2709(c)(1). This limited authority permits the FBI to prevent disclosure that an NSL has been issued to a particular recipient and to avoid tipping off an investigation's target. But now that Mr. Merrill is permitted to identify himself and the Target, and to discuss the NSL with the Target, the statute's nondisclosure authority has been exhausted.

*Defendants' Anticipated Motion*

The government will move to dismiss the complaint for failure to state a claim upon which relief may be granted, or for summary judgment. In its 2009 and 2010 orders concerning the

Attachment, the Court held that the "Government has demonstrated that good reason exists to believe that disclosure of the information withheld plausibly could harm an authorized ongoing investigation to protect against international terrorism or clandestine intelligence activities," and that "the link between disclosure and the risk of harm is substantial." 703 F. Supp. 2d 313, 316 (S.D.N.Y. 2010). Nothing material has changed in the law or the facts since that decision, and the government will again demonstrate the same level of risk of harm. Moreover, Merrill's claim that the government must continually and repeatedly sue him to continue enforcing a nondisclosure requirement that this Court has already upheld finds no basis in the First Amendment, the decisions of the Supreme Court or the Second Circuit, or any other authority. Finally, the authorization in 18 U.S.C. § 2709(c) for the FBI to prohibit disclosure of the fact "that the [FBI] has sought or obtained access to information or records under this section" is sufficient to allow the agency to prohibit disclosure of certain information, even when it has determined that it is not necessary to prohibit disclosure of all the pertinent information.

*Proposed Briefing Schedule*

The parties have agreed on the following schedule to present the cross-motions described above.

Mar. 6, 2015: Plaintiff will file a motion for summary judgment.
Apr. 3, 2015: Defendants will file a cross-motion to dismiss or for summary judgment and a response in opposition to Plaintiff's motion. Defendants' time to file an Answer or otherwise respond to the Complaint shall be postponed through this date.
May 1, 2015: Plaintiff will file an opposition to Defendants' cross-motion and a reply in support of Plaintiff's motion for summary judgment.
May 15, 2015: Defendants will file a reply in support of their cross-motion.

*Conclusion*

The parties are prepared to meet with the Court should Your Honor wish to hold a pre-motion conference. Otherwise, the parties respectfully request that the Court approve the proposed plan for briefing.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: *[signature]*
Benjamin H. Torrance
86 Chambers Street
New York, NY 10007
Telephone: (212) 637-2703
benjamin.torrance@usdoj.gov

MEDIA FREEDOM AND
 INFORMATION ACCESS CLINIC
YALE LAW SCHOOL

By: *[signature]*
Jonathan M. Manes
David A. Schulz
P.O. Box. 208215
New Haven, CT 06520
Telephone: (203) 432-9387
dschulz@lkslaw.com
jonathan.manes@yale.edu

SO ORDERED. Request Granted. The parties may proceed with the motions and schedule set forth above.

3-4-15

VICTOR MARRERO, U.S.D.J.

3