UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS MERRILL,<br><br>       Plaintiff,<br><br>  v.<br><br>LORETTA LYNCH, in her official capacity as Attorney General of the United States, and JAMES B. COMEY, in his official capacity as Director of the Federal Bureau of Investigation,<br><br>       Defendants. | 14 CIV. 9763 (VM) |

**SECOND DECLARATION OF NICHOLAS MERRILL**

I, Nicholas Merrill, declare as follows:

  1.  I am the Plaintiff in the above-captioned action.

  2.  I submit this declaration in support of a motion for an award of attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. §2412.

  3.  At the time this action was filed I had a net worth of less than $2,000,000.

  4.  I brought this case in order to challenge the nondisclosure order that prevented me from speaking about aspects of the National Security Letter that the FBI served on me in 2004 ("2004 NSL").

  5.  This case was the second lawsuit I filed challenging the nondisclosure order that was issued together with the 2004 NSL. In the first case, filed in 2004, I was represented by the American Civil Liberties Union's National Security Project. That case ended in 2010 with a settlement agreement that allowed me to identify myself as the recipient of the 2004 NSL but left in place a nondisclosure order that prevented me from speaking about much of the 2004 NSL.

Under the settlement, I reserved the right to bring a subsequent challenge the remaining portions of the nondisclosure order in subsequent litigation.

6. In the years that followed the 2010 settlement, I wanted to bring a renewed legal challenge to the remaining portions of the gag order, but I was unable to obtain legal representation for such a case on a *pro bono* basis. I did not have the means to retain paid counsel to bring this challenge.

7. I have closely followed legal challenges to NSLs and NSL nondisclosure orders that have been brought by other NSL recipients. There have only been a handful of such legal challenges since the NSL statute was amended by the PATRIOT Act in 2001. In all of the challenges that I am aware of, the NSL recipients have been represented by one of two organizations, the American Civil Liberties Union, which previously represented me, and the Electronic Frontier Foundation, which is currently litigating NSL cases in federal court in California.

8. In 2013, my former lawyers at the ACLU referred me to the Media Freedom and Information Access Clinic ("MFIA") at Yale Law School for potential representation in a renewed challenge to the nondisclosure order. I was informed that MFIA is a law school clinic staffed by Yale Law School students that focuses on representing clients in transparency and free speech cases. I understood that the supervising attorneys in the clinic had extensive prior experience working on transparency and free speech cases, particularly in the national security context.

9. In particular, I understood that David Schulz, the MFIA Clinic's director, was a highly respected First Amendment lawyer with decades of practice experience, and that Jonathan Manes, a supervising attorney in the MFIA Clinic, had previously worked with my former

lawyers at the ACLU's National Security Project and had extensive experience litigating constitutional cases against national security and law enforcement agencies.

10. It thus appeared to me that the MFIA Clinic was among a very small handful of legal organizations with the expertise to represent me in a challenge to the gag order, and with the potential willingness to do so without charging me legal fees. I subsequently retained the MFIA Clinic to represent me on this matter.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on December 15, 2015, at New York, NY.

_____
Nicholas Merrill